UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRUCO LIFE INSURANCE COMPANY
OF NEW JERSEY,

    Plaintiff,

v.                                       Case No. 8:23-cv-2714-SDM-SPF

KATHLEEN SKOOG, ERIK SKOOG, and
INGRID SKOOG,

    Defendants.
_____/

## ORDER

This matter is before the Court on Defendants Erik Skook and Ingrid Skoog's Unopposed Motion to Disburse Funds from the Court Registry (Doc. 73). Plaintiff Pruco Life Insurance Company of New Jersey ("Pruco") and Defendant Kathleen Skoog do not oppose the requested relief.[1] Upon consideration, the Court finds that the Motion should be GRANTED.

Pruco initiated this action by filings its Complaint for Interpleader against Defendants, who disputed entitlement to the proceeds from a flexible premium universal life insurance

---

[1] Defendants Erik Skoog and Ingrid Skoog's certification pursuant to Local Rule 3.01(g) states that "[c]ounsel for Pruco, Tiffany Millioen conferred with Gale Porter, counsel for Erik and and Ingrid Skoog, by email on June 5, 2024. Pruco, as well as Erik Skoog and Ingrid Skoog, agree to the relief requested herein." (Doc. 73 at 3). Thus, the certification is silent with respect to whether Defendant Kathleen Skoog consents to the requested relief. Because more than fourteen days have passed since Defendants Erik Skoog and Ingrid Skoog filed the motion, however, it is deemed unopposed. *See* L.R. 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service and failure to timely respond results in motion being treated as unopposed); *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

policy (Doc. 1). Given this dispute, Pruco then moved for entry of an order permitting it to deposit the disputed policy funds into the Court's registry (Doc. 20). The Court granted Pruco's Motion (Docs. 35, 48), and Pruco deposited $183,074.33 into the Court's registry on March 21, 2024 (Doc. 55). Now, Defendants have reached an agreement regarding entitlement to the deposited funds, and agree that the funds should be disbursed to Defendants Erik Skoog and Ingrid Skoog (Docs. 68, 73). In addition, Pruco does not object to the distribution of funds and waives its claim to recover attorney's fees from the deposited funds. As a result, Defendants' previously-filed Motion to Determine Pruco's Non-Entitlement to Attorney's Fees and for Entry of an Order of Disbursement (Doc. 72) is DENIED AS MOOT.

Accordingly, it is hereby

**ORDERED**:

1. Defendants Erik Skook and Ingrid Skoog's Unopposed Motion to Disburse Funds from the Court Registry (Doc. 73) is GRANTED.

2. Funds in the amount of $183,074.33, which were deposited by Plaintiff Pruco Life Insurance Company of New Jersey into the Court's Registry on or about March 21, 2024 (Doc. 55), plus any interest accumulated as of the date of deposit, less the fees due to the Clerk, shall be distributed as follows:

   a. $125,000.00 to be paid to Erik Skoog by check mailed to 6915 S. Brookshire Ct., Spokane, WA 99223; and

   b. $50,000.00 to be paid to Ingrid Skoog by check mailed to 5779 E. Kings Rd., Bloomington, IN 47408; and

   c. All remaining funds: to be paid to Porter Law Group Trust Account, by check mailed to 1646 W. Snow Ave., Suite 17, Tampa, FL 33606;

3.  Defendants Erik Skook and Ingrid Skoog's Motion to Determine Pruco's Non-Entitlement to Attorney's Fees and for Entry of an Order of Disbursement (Doc. 72) is DENIED AS MOOT.

**ORDERED** in Tampa, Florida, on July 8, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE